GREGORY, DEMANDANTE Y APELANTE, *v.* EL TESORERO DE PUERTO RICO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre reintegro de cantidad pagada bajo protesta en concepto de contribuciones.

No. 1484.—Resuelto en junio 9, 1916.

SOCIEDADES MERCANTILES—COMPAÑÍAS COLECTIVAS—ID. EN COMANDITA—SOCIOS GESTORES—ID. COMANDITARIOS—RESPONSABILIDAD DE LOS SOCIOS.—La responsabilidad de los socios comanditarios por las obligaciones y pérdidas de la compañía se limita a los fondos que pusieren o se obligaren a poner en la comandita, y la responsabilidad de los socios gestores tanto en la compañía colectiva como en la comanditaria, es personal y solidaria con todos sus bienes.

ID.—COMPAÑÍA EN COMANDITA—RESPONSABILIDAD DE LOS SOCIOS COLECTIVOS Y COMANDITARIOS—CARÁCTER DISTINTIVO DE LA SOCIEDAD EN COMANDITA—PAGO

DE CONTRIBUCIONES.—En la compañía en comandita el socio colectivo arriesga no solamente los bienes que aporta a la sociedad sino los demás que tenga. El socio comanditario no asume más riesgo que la pérdida del capital que aporta. Es ese carácter distintivo de la sociedad en comandita y no ha sido alterado o modificado en cuanto al pago de contribuciones por el artículo 292 del Código Político.

CONTRIBUCIONES—PAGO DE CONTRIBUCIONES BAJO PROTESTA—DEVOLUCIÓN DE CONTRIBUCIONES—INTENCIÓN DEL LEGISLADOR—CÓDIGO DE COMERCIO—SOCIOS COMANDITARIOS—ID. COLECTIVOS.—Ha sido el fin del artículo 292 del Código Político determinar cuáles son las personas que deben pagar las contribuciones impuestas a una razón social que es la obligada al pago, individualizando, por decirlo así, esa razón social; y como los nombres de los socios comanditarios en una sociedad mercantil no pueden ser incluídos en la razón social, no fué el propósito por parte de la legislatura al referirse a socios en general el equiparar los socios comanditarios a los colectivos para pago de contribuciones, borrando así la diferencia que entre unos y otros establece el Código de Comercio.

ID.—INTENCIÓN DEL LEGISLADOR.—Es una regla antigua y familiar de las cortes inglesas aplicable a toda clase de contribuciones, particularmente a las contribuciones especiales, que el soberano está en la obligación de expresar su intención de fijar una contribución en lenguaje claro e inequívoco.

ID.—CÓDIGO DE COMERCIO—CÓDIGO POLÍTICO—DEROGACIONES TÁCITAS.—El artículo 148 del Código de Comercio no ha sido derogado por el 292 del Código Político, pues los preceptos de uno y otro código pueden armonizarse. Las derogaciones tácitas no merecen ordinariamente la sanción de las cortes.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto contra sentencia que en 10 de febrero del corriente año 1916 dictó la Corte de Distrito de Mayagüez declarando sin lugar demanda interpuesta ante dicha corte en 9 de agosto de 1915 sobre reintegro de cantidad pagada bajo protesta al Tesorero de Puerto Rico en concepto de contribuciones.

Resulta de las alegaciones de la demanda y de la contestación en relación con las pruebas practicadas en el juicio:

1°. Que por escritura pública otorgada en la ciudad de San Germán a 11 de febrero de 1911, Andrés Irizarry Quiñones, Enrique Gregory, José R. Gregory Morfi, y Ulises Gregory Llorens constituyeron una sociedad mercantil en

comandita bajo la razón Irizarry, Gregory & Co., sociedad en comandita, con domicilio en dicha ciudad, siendo los dos primeros socios gestores de la misma y comanditarios los dos últimos.

2°. Que la expresada sociedad fué modificada por otra escritura posterior de 18 de julio de 1911, prorrogándose su término por dos años más.

3°. Que por una tercera escritura de 30 de agosto de 1912, fué disuelta la sociedad transmitiendo a Enrique Gregory los otros tres socios todos los derechos y acciones que les correspondían en la sociedad y quedando Enrique Gregory hecho cargo del capital activo y pasivo de la sociedad extinguida.

4°. Que Ulises Gregory a virtud de requerimiento para el pago del segundo semestre de las contribuciones correspondientes al año económico de 1912 a 1913 repartidas a dicha sociedad y montantes con recargo a $31.80, las satisfizo bajo protesta.

La corte estima que el demandante recurrente, aunque socio comanditario de Irizarry, Gregory & Co., está sujeto al pago de las contribuciones impuestas a dicha sociedad con sujeción al artículo 292 del Código Político derogatorio del 148 del Código de Comercio, sin que el hecho de haber sido disuelta la sociedad en 30 de agosto de 1912, exima a Ulises Gregory del pago de las contribuciones correspondientes al segundo semestre del año económico de 1912 a 1913, y por tales fundamentos declara sin lugar el reintegro de $31.38 que pide el demandante Gregory.

Alega la parte apelante como motivos del recurso los siguientes:

(*a*) Que la corte erró al llegar a la conclusión de que por virtud de lo establecido en el artículo 292 del Código Político los socios comanditarios son responsables del pago de las contribuciones adeudadas por la sociedad, y que el artículo 148 del Código de Comercio quedó derogado por el citado artículo 292 del Código Político.

(*b*) Que también erró la corte al apreciar que era legal el cobro de contribuciones del segundo semestre del año económico de 1912 a 1913 a la sociedad Irizarry, Gregory & Co., cuando tal sociedad no existía al comenzar dicho segundo semestre en 1°. de enero de 1913.

Según el artículo 148 del Código de Comercio todos los socios colectivos, sean o no gestores de la compañía en comandita, quedarán personal y solidariamente obligados a las resultas de las operaciones de ésta en los propios términos y con igual extensión que los de la colectiva, según dispone el artículo 127, mientras que la responsabilidad de los socios comanditarios por las obligaciones y pérdidas de la compañía quedará limitada a los fondos que pusieren o se obligaren a poner en la comandita, excepto en el caso previsto en el artículo 147.

El precepto del artículo 148 a que nos hemos referido es congruente con el artículo 122, según el cual en la compañía regular colectiva todos los socios, en nombre colectivo y bajo una razón social, se comprometen a participar en la proporción que establezcan de los mismos derechos y obligaciones, y en la comanditaria uno o varios sujetos aportan capital determinado al fondo común para estar a las resultas de las operaciones sociales dirigidas exclusivamente por otros con nombre colectivo.

Los artículos 127 y 147 a que se refiere el artículo 148, prescriben, el primero, que la responsabilidad de los socios en la compañía colectiva, sean o no gestores de la misma es personal y solidaria con todos sus bienes, y el segundo, que si algún comanditario incluyese su nombre o consintiese su inclusión en la razón social, quedará sujeto respecto a las personas extrañas a la compañía a las mismas responsabilidades que los gestores, sin adquirir más derechos que los correspondientes a su calidad de comanditario.

Como se ve, la responsabilidad de los comanditarios por las obligaciones y pérdidas de la compañía se limita a los fondos que pusieren o se obligaren a poner en la comandita,

y la responsabilidad de los socios gestores tanto en la compañía colectiva como en la comanditaria, es personal y solidaria con todos sus bienes.

Bajo los anteriores preceptos legales, es claro que según el Código de Comercio los socios colectivos, sean o no gestores, tanto en la compañía colectiva como en la comanditaria, están sujetos con todos sus bienes al cumplimiento de las obligaciones de la compañía de que forman parte, sin que los socios comanditarios tengan que responder de esas obligaciones con más bienes que los que aportaron a la sociedad comanditaria.

En la compañía en comandita el socio colectivo arriesga no solamente los bienes que aporta a la sociedad sino los demás que tenga. El socio comanditario no asume más riesgo que la pérdida del capital que aporta.

Es ese carácter distintivo de la sociedad en comandita y no ha sido alterado o modificado en cuanto al pago de contribuciones por el artículo 292 del Código Político cuyo texto literal es el siguiente:

"Artículo 292.—Los socios de casas mercantiles o de otros negocios, ya residan en un mismo lugar, o ya en distintos, estarán sujetos mancomunadamente al pago de contribución bajo su razón social, en el lugar en que sus negocios estén establecidos, por todos los bienes muebles empleados en éstos, incluyendo toda clase de buques o embarcaciones, botes y lanchas. En caso de que los socios establecidos tengan sus negocios en dos o más distritos de tasación, estarán sujetos al pago de contribución en cada uno de tales puestos u oficinas, en proporción a la propiedad que tengan. empleada en cada distrito. Cuando varios socios estén de esa manera sujetos mancomunadamente al pago de contribución, cada socio será responsable por el total de la misma."

Ha sido el fin de dicho artículo determinar cuáles son las personas que deben pagar las contribuciones impuestas a una razón social que es la obligada al pago, individualizando por decirlo así, esa razón social; y como los nombres de los socios comanditarios en una sociedad mercantil no pueden ser incluídos en la razón social, no aparece claro el propósito

por parte de la legislatura al referirse a socios en general de equiparar los socios comanditarios a los colectivos para pago de contribuciones, borrando así las diferencias que entre unos y otros establece el Código de Comercio. El artículo 292 del Código Político no hace mención expresa de socios comanditarios y, por tanto, no podemos afirmar que con respecto de éstos contenga un precepto irreconciliable con el del Código de Comercio. Los preceptos de uno y otro código pueden armonizarse en la forma expuesta. Si hubiera sido el propósito de la legislatura someter a los socios comanditarios al pago de una contribución a que por los preceptos del Código de Comercio no estaban sujetos, lo hubiera consignado por modo expreso, pues ya dijimos al resolver el caso *The Fajardo Sugar Co.* v. *El Tesorero de Puerto Rico*, 22 D. P. R. 311, que es una regla antigua y familiar de las cortes inglesas aplicable a toda clase de contribuciones, particularmente a las contribuciones especiales, que el soberano está en la obligación de expresar su intención de fijar una contribución en lenguaje claro e inequívoco.

El artículo 148 del Código de Comercio no ha sido derogado por el 292 del Código Político, pues los preceptos de uno y otro código pueden armonizarse. Ya hemos dicho antes de ahora que las derogaciones tácitas no merecen ordinariamente la sanción de las cortes. *The American Trading Co.* v. *Monserrat*, 18 D. P. R. 273; *Pérez* v. *Sucesión Collado*, 19 D. P. R. 1061; *El Pueblo* v. *Concepción*, 21 D. P. R. 311.

No puede sostenerse que el recurrente esté comprendido en la excepción del artículo 147 del Código de Comercio por haber incluído o consentido la inclusión de su nombre en la razón social de Irizarry, Gregory & Co., sociedad en comandita, pues no aparece que el Gregory que figura en dicha razón social sea el demandante Ulises Gregory y es de presumirse que lo sea Enrique Gregory que con Irizarry era socio gestor de la expresada sociedad, siendo comanditarios José R. y Ulises Gregory.

Como la sentencia cae por el primer motivo del recurso

se hace innecesario examinar el segundo basado en que la contribución fué indebidamente cobrada por no existir la sociedad Irizarry, Gregory & Co. en el segundo semestre a que aquélla se refiere.

Por las razones expuestas es de revocarse la sentencia apelada, y expedirse certificación expresiva, de conformidad con la Ley No. 35 sobre la materia, aprobada en 9 de marzo de 1911, de que la contribución de que se trata fué pagada indebidamente y debe ser reintegrada al demandante.

> *Revocada la sentencia apelada y ordenado el reintegro de la cantidad pagada indebidamente.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.